UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60610-Civ-COHN/SNOW

RICARDO MESA,

 Plaintiff,

vs.

NATIONSRENT,

 Defendant.
_____/

## FINAL ORDER OF DISMISSAL

  THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint [DE 3]. The Court has carefully considered the motion, and notes the lack of a timely response by Plaintiff. A response was due by May 25, 2007.

  Ricardo Mesa ("Plaintiff") filed his complaint in this case on April 27, 2007, asserting job discrimination claims under the Americans with Disabilities Act. The Complaint alleges that Plaintiff was wrongfully terminated by Defendant Nationsrent on August 23, 2005 due to his medical condition. On April 17, 2006, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On June 19, 2006, the EEOC issued a Right to Sue letter to Plaintiff. However, rather than filing suit at this point, Plaintiff filed a complaint with his local office of the United States Attorney on September 5, 2006. On September 27, 2006, the United States Attorney's Office sent Plaintiff a letter stating that they did not have jurisdiction to pursue the matter, and referred Plaintiff to the Florida Bar to locate a civil attorney. Plaintiff took no further action until the filing of this lawsuit.

  As Plaintiff filed this action without prepayment of fees, thus seeking *in forma*

*pauperis* status, pursuant to 28 U.S.C. §1915(e)(2), the Court was in the process of reviewing the complaint as to whether it stated a claim. Before the Court could dismiss the matter on its own, Defendant moved to dismiss the matter on the grounds that Plaintiff did not file the action within 90 days of receipt of the EEOC Right to Sue letter.

The ADA follows the Title VII requirement that a plaintiff file suit within ninety (90) days of receipt of a notice of the right to sue. 42 U.S.C. § 12117(a); <u>Zillyette v. Capital One Financial Corp.</u>, 179 F.3d 1337, 1339 (11th Cir. 1999). The plaintiff has the burden to prove that he has adhered to the requirement, and the 90 day period begins to run upon receipt of a certified letter at the plaintiff's residence, <u>Norris v. Florida Department of Health and Rehabilitative Services</u>, 730 F.2d 682 (11th Cir.1984); <u>Law v. Hercules, Inc.</u>, 713 F.2d 691 (11th Cir.1983), or three days after notice of unsuccessful delivery of such a letter is left at a plaintiff's residence. <u>Zillyette</u>, 179 F.3d at 1342.

In this case, it is clear that Plaintiff failed to file his lawsuit within 90 days of receipt of the EEOC Right to Sue letter. Even excluding the 21 days during which Plaintiff's complaint was submitted to the United States Attorney's Office, Plaintiff's action was filed over 180 days late. Plaintiff has also failed to respond to Defendant's motion to dismiss.[1]

---

[1] Although this Court would usually enter an Order to Show Cause to give Plaintiff a second chance to respond, in this case the lack of jurisdiction due to the untimely filing of the action is so apparent, that any such second chance would be futile.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint [DE 3] is hereby **GRANTED**;

2. Plaintiff's Complaint is hereby **DISMISSED**;

3. The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of May, 2007.

JAMES I. COHN
United States District Judge

copies to:

Ricardo Mesa, pro se
Patricia Hill, Esq.